UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Steven A. Swan


    v.                                         Civil No. 07-cv-112-SM


Alberto Gonzalez, Attorney General
of the United States, et al.[1]


**REPORT AND RECOMMENDATION**


    Steven Swan has filed this action pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 551, et seq. and § 701, et seq. (1966).  Swan seeks judicial review and declaratory judgment on his claims challenging the legality of decisions made by the defendants, all employees of the United States Department of Justice, relating to his criminal prosecution for violations of the internal revenue laws of the United States.  The matter is before me for preliminary review to determine, among other things, whether or not plaintiff has stated any claim upon which relief might be granted.  See United

---

[1]Swan names the following defendants to this action: United States Attorney General Alberto Gonzalez, United States Attorney for the District of New Hampshire Thomas P. Colantuono, Assistant United States Attorney William E. Morse, First Assistant United States Attorney Peter E. Papps, and United States Department of Justice Tax Division Attorney James W. Chapman.

States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2)(A)(i).

## Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); see also Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (same). All of the factual assertions made by a pro se plaintiff, and inferences reasonably drawn therefrom, must be

accepted as true.  See id.  This review ensures that pro se pleadings are given fair and meaningful consideration.

### Background

In 2002 and 2003, Steven Swan was investigated for violations of federal internal revenue laws.  Defendants indicted and prosecuted Swan for several such violations.  Swan asserts that he was prosecuted despite the fact that the prosecutors knew he did not possess a culpable mental state with regard to the alleged offenses.  Notwithstanding Swan's assertions of innocence, however, a jury convicted Swan and he was sentenced to serve nine years in prison.  He is presently serving that sentence.

Swan argues that a number of the decisions made by the defendant prosecutors before, during, and after his trial constituted "final agency actions" that should have been subjected to the provisions of the APA.  As such, Swan argues, he is entitled to review of those decisions in this Court because the decisions resulted in a violation of Swan's rights.  The decisions challenged by Swan are as follows:

   1. The decision to target Swan for prosecution for alleged violations of the internal revenue laws despite the prosecutors' knowledge that Swan was innocent;

    2.    The decision to commit "perjury" in the target letter given to Swan, which stated that Swan was the target of a federal grand jury investigation when the grand jury had not yet been empaneled;

    3.    The decision to portray Swan's behavior before the grand jury to the trial court, on numerous occasions, as an obstruction of justice;

    4.    The decision to cause the grand jury to indict Swan for violations of the internal revenue laws despite the prosecutors' knowledge that Swan was innocent;

    5.    The decision to have Swan arrested in an aggressive "SWAT Team-style" in a public place rather than allowing Swan to self-surrender for arraignment;

    6.    The decision to attempt abridgement of Swan's First Amendment right to freedom of speech and expression by requesting that the trial judge order Swan to shut down internet websites;

    7.    The decision to remain silent when the trial judge made an erroneous ruling denying Swan the assistance of court-appointed standby counsel for sentencing;

    8.    The decision to remain silent when Swan moved the trial court to correct the record to reflect that the trial judge had denied Swan the assistance of court-appointed standby counsel for sentencing;

    9.    The decision to commit perjury in an appellate filing in order to conceal the fact that the trial judge had denied Swan court-appointed standby counsel for sentencing.

Swan alleges that the defendants have offended his right to a fair and just result in his criminal trial, and that he is therefore entitled to the relief sought.  Swan seeks declaratory

and injunctive relief, including an injunction directing the defendants not to commit further violations of the APA in the context of Swan's pending habeas petition, filed under 28 U.S.C. § 2255.

## Discussion

In bringing this action pursuant to the APA, Swan invokes 28 U.S.C. § 702, which provides a private cause of action to "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action." The APA applies to final actions of the Attorney General. See Morris v. Gressette, 432 U.S. 491, 500-01 (1977). Judicial review of a final agency action is permitted under the APA, unless "statutes preclude judicial review" or the agency action is one that "is committed to agency discretion by law." 5 U.S.C. § 701(a)(1) & (2).

Swan argues that the offices of the Attorney General and the United States Attorney, which prosecuted him, violated the APA by not following appropriate procedures in making certain prosecutorial decisions. A claim is actionable under the APA only if the final agency action complained of is not one "committed to agency discretion by law." 5 U.S.C. § 701(2).

5

"The Attorney General and United States Attorneys retain broad discretion to enforce the Nation's criminal laws.  They have this latitude because they are designated by statute as the President's delegates to help him discharge his constitutional responsibility to 'take Care that the Laws be faithfully executed.'"  United States v. Armstrong, 517 U.S. 456, 464 (1996) (quoting U.S. Const., Art. II, § 3) (other internal quotations omitted); see 28 U.S.C. § 516 (reserving litigation activities for matters in which the United States is a party or interested entity to officers of the Department of Justice, under the direction of the United States Attorney General); 28 U.S.C. § 547 (directing each United States Attorney, within his district, to, among other things, to investigate and prosecute all offenses against the United States).  While prosecutorial decision-making is subject to certain constitutional constraints, "'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'"  Armstrong, 517 U.S. at 464 (quoting Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978)).

Even generously construing Swan's complaint, as I am required to do at this preliminary stage of review, I find that he has not alleged facts that demonstrate the prosecutors' decisions were not discretionary.  Nothing in the complaint supports Swan's subjective belief that, while defendants were undertaking Swan's criminal prosecution, there was no probable cause for the prosecutors to believe that Swan had committed a crime.  To the contrary, Swan admits that the prosecutors advised him that they believed he was violating federal internal revenue laws.  Further, all of the decisions challenged by Swan were decisions taken in the furtherance of the prosecution.  I find that the decisions made by the defendants, and complained of by Swan, were squarely committed to agency discretion by statute.

## Conclusion

As explained above, I find that Swan cannot sustain a cause of action under the APA in this matter, which is the only cause asserted here.  I, therefore, recommend dismissal of the entire complaint.[2]  Any objections to this report and recommendation

---

[2] Because I find that 5 U.S.C. § 701(a)(2) precludes Swan from bringing this action, that ends the matter.  It bears noting, however, that I Swan's cause of action is also barred by 5 U.S.C. § 704, which permits review of final agency actions only when judicial review is afforded by statute and "for which there is no other adequate remedy in a court. . .."

7

must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.  See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:    August  21, 2007

cc:      Steven A. Swan, pro se